```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/13/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
    UNITED STATES OF AMERICA,

             -v-                                  1: 17-cr-340-GHW

    ANTHONY LEGROS,                      ORDER

                      Defendant.

-----------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

On May 21, 2020, the Court received a motion (the "Motion") by Mr. Anthony Legros requesting that the Court order his release due to the COVID-19 pandemic. Dkt. No. 37. Mr. Legros describes himself as a "non-violent; first time offender" and argues that because he has a number of pre-existing health conditions, he is at "higher risk of severe disease and/or death" if he is exposed to the virus. *Id.* at 2.

The Court sentenced Mr. Legros to 60 months imprisonment on July 30, 2018, after Mr. Andino had pleaded guilty to the offense of conspiracy to distribute and possess with intent to distribute oxycodone, in violation of 21 U.S.C. § 846. As the Court described during the sentencing hearing, Mr. Legros' crime was very serious: "Mr. Legros supplied illegal drugs for distribution." Sentencing Transcript, Dkt. No. 35 ("Tr."), 19:1-2. Mr. Legros was only 35 years old at the time of his sentencing. The Court noted at the time that Mr. Legros was dealing with some health concerns. Tr. 21:22-23 ("Mr. Legros has some health issues. He suffers from high blood pressure. He is a borderline diabetic.") While Mr. Legros describes himself as a "first time offender" in his motion, as the Court observed at sentencing, "Mr. Legros has a meaningful criminal history . . . ." Tr. 22:1. He had three prior convictions that yielded criminal history points, and committed his federal offense

while on probation for another crime.

The Court must deny the application at this time because it is not apparent from Mr. Legros' motion that he has taken the steps necessary to obtain the relief that he is requesting pursuant to the governing statute. Motions for compassionate release are governed by 18 U.S.C. § 3582(c)(1)(A). Under the statute, an inmate must satisfy certain preconditions before bringing a motion for compassionate release to the Court. In particular, an inmate must make a request to the warden of his facility to bring a compassionate release on his behalf before requesting relief from the Court. *Id.* ("The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . .").

Mr. Legros is aware of this limitation, but argues that "since this is an emergency, a pandemic, the court needs to waive the exhaustion requirement . . . ." Motion at 8. But the Court does not have the authority to do so. The statute provides that the Court "may not" modify a term of imprisonment once it has been imposed unless the stated conditions are satisfied. The Court understands this clear and unmistakable mandate from Congress to prohibit the Court from granting this relief in situations where the statutory preconditions have not been satisfied.

Mr. Legros' states that he began to "submit requests to staff for home confinement in earnest" on April 4, 2020. Motion at 2. But his motion does not state that Mr. Legros made an application to the warden for the warden to make a compassionate release motion on his behalf. As a result, the Court cannot conclude that the statutory preconditions to his compassionate release application have been satisfied.

Therefore, in order for Mr. Legros to move this Court for compassionate release, he must first apply to the warden of his facility, requesting that the Bureau of Prisons (the "BOP") make an application for compassionate release on his behalf.  In the event that the BOP does not respond to the application within 30 days, the statute then permits Mr. Legros to make an application to the Court.  The Court requests that in any subsequent application, Mr. Legros provide information regarding when and how he requested the warden of his facility to move for compassionate release on his behalf.

The Court denies Mr. Legros' motion without prejudice, but, if requested, will reopen the motion without requiring further briefing from Mr. Legros if he demonstrates that he has satisfied the statutory preconditions to bringing the motion.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 37 and to mail a copy of this order to Mr. Legros.

SO ORDERED.

Dated:  June 13, 2020

_____
GREGORY H. WOODS
United States District Judge